Alice A. Kelly (IL Bar #212390)
E-Mail: Alice.Kelly@icemiller.com
Ice Miller LLP
200 West Madison Street, Suite 3500
Chicago, IL 60606
Tel: 312.726.5167

J. Leah Castella (CA Bar # 205990)
E-Mail: lcastella@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1901 Harrison Street, Suite 900
Oakland, CA 94612
Tel: 510.273.8780   Fax: 510.839.9104

Attorneys for Plaintiff
E-GO BIKE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| E-GO BIKE LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>RACK 'EM, a New Jersey Sole Proprietorship, RACK'EM MFG, LLC, a Pennsylvania Limited Liability Company, GLENN JOHNSON, an individual and JOHN PALLAY, JR., an individual,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>JURY DEMAND REQUESTED |

Plaintiff, E-Go Bike LLC ("E-Go Bike"), by and through its counsel, hereby brings this Complaint for Declaratory Judgment against the defendants, Rack 'Em Sole Proprietorship ("Rack 'Em"), Rack'Em MFG LLC ("REM"), Glenn Johnson ("Johnson") and John Pallay, Jr. ("Pallay") (collectively, "Defendants") and alleges as follows:

**NATURE OF THE ACTION**

1. This action for declaratory judgment is brought pursuant to 28 U.S.C. § 2201. Plaintiff, E-Go Bike, seeks a declaration of non-infringement of the Defendants' purported

1. trademark and design patent rights. The Defendants contend E-Go Bike has used their federally registered trademarks and design patent without authorization or consent. E-Go Bike has a reasonable apprehension of being sued by Defendants for an alleged violation of Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a) and 35 U.S.C. § 235.

2. Based upon the foregoing, a justiciable controversy exists between the parties with respect to whether E-Go Bike has infringed Defendants' purported trademark and design patent rights and the validity of those rights. E-Go Bike asks this Court for a declaration that E-Go Bike has not violated 15 U.S.C. §1114(1) or 35 U.S.C. §271. Pursuant to 15 U.S.C. § 1119, E-Go Bike further asks this Court to order the cancellation of Federal Trademark Registration Number 5,327,387.

**THE PARTIES**

3. Plaintiff E-Go Bike is a limited liability corporation organized and existing under the laws of the State of California having its principal place of business in Hayward, California.

4. Upon information and belief, Defendant Rack 'Em is a New Jersey sole proprietorship owned by Defendant Glenn Johnson with a principal place of business in Hawley, Pennsylvania.

5. Upon information and belief, Defendant REM is a Pennsylvania Limited Liability Company with a principal place of business in Hawley, Pennsylvania. Defendants Johnson and Pallay are the members of REM.

6. Upon information and belief, Defendant Glenn Johnson is a citizen and resident of the State of Pennsylvania.

7. Upon information and belief, Defendant John Pallay Jr. is a citizen and resident of the State of Pennsylvania.

**JURISDICTION AND VENUE**

8. This action arises under the Declaratory Judgment Act, 28, U.S.C. §§ 2201 and 2202. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338. This Court also has jurisdiction pursuant to Section 39 of the Lanham Act, 15 U.S.C. §

///

1121. This action also arises under the patent laws of the United States, 35 U.S.C. § 1 et seq. Thus, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a)

9. This Court has personal jurisdiction over Defendants in this instance pursuant to the California long arm statute, Cal. Code Civ. Proc. §410.10, and in accordance with the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Jurisdiction is proper because, among other things, Defendants are residents of this District purposefully availing themselves of the benefits of doing business in the State of California by advertising and promoting goods to the residents of California, including offering their products for sale through several distributors in California and advertising on the websites www.rackemmfg.com and www.packemracks.com, and because injury to E-Go Bike from the threat by Defendants will be felt in California where E-Go Bike is located.

10. Venue is proper pursuant to 28 U.S.C. § 1391 in that E-Go Bike resides in and does business in this District, a substantial part of the events giving rise to this action occurred in this District, and Defendants are doing business in this District and are subject to jurisdiction in this District.

11. Venue is also proper pursuant to 28 U.S.C. § 1400 in that E-Go Bike resides in and does business in this District.

## FACTUAL BACKGROUND

### E-Go Bike's Business

12. E-Go Bike has been producing and selling high quality electric bicycles and related products for several years.

13. E-Go Bike has sold and sells racks for transporting kayaks ("E-Go Kayak Racks")

14. E-Go Bike advertises and offers its products via its website, www.egobikeusa.com and on Amazon.com under the store name ECOTRIC.

15. E-Go Bike has not used the RACK'EM or PACK'EM trademarks to advertise or sell its products nor has it used advertising copy and photos from any of the Rack 'Em or Pack 'Em products to advertise or sell its products.

///

16. E-Go Bike does not own the GOGREENBIKE seller store on eBay.com.

17. E-Go Bike does not own the LUCKSPORTSMAL seller store on eBay.com.

18. E-Go Bike does not own the FLASHEMOTOR seller store on eBay.com.

19. E-Go Bike does not own the 7BLACKSMITHS seller store on Amazon.com.

20. E-Go Bike does not own the ONESTOPS8 seller store on Amazon.com.

21. E-Go Bike does not own the NIXFACE seller store on Amazon.com.

**Defendants' Purported Trademarks and Design Patent**

22. Defendants Johnson and Pallay own either directly or indirectly a business which sells racks under the names RACK'EM and PACK'EM via the websites www.rackemmfg.com and www.packemracks.com and nationwide through a network of distributors, including distributors in California. Upon information and belief, Defendant REM is the owner and operator of the Rack'Em/Pack'Em business.

23. Defendant Rack 'Em filed a trademark application to register to register RACK 'EM in connection with "wall mounted metal rack for holding landscaping tools" in international class 006. The mark registered on April 17, 2001 with Registration No. 2,443,884 (the "'884 Registration").

24. Defendant Rack 'Em also filed a trademark application to register RACK 'EM in connection with "Grass Catcher for Lawn Mower" in international class 007. The mark registered on November 27, 2001 with Registration No. 2,512,759 (the "'759 Registration")

25. On March 20, 2017, an application to register PACK'EM for "Racks for vehicles for transporting ladders, landscaping equipment and kayaks" in international class 012 was filed in the name of "Rack 'Em Manufacturing, Inc., a Pennsylvania corporation." Upon information and belief, there is no such corporate entity in existence nor has there ever been. Despite the application not being filed in the name of the rightful owner as required by the Lanham Act, 15 U.S.C. §1051(a), the mark registered on November 7, 2017.

26. Upon information and belief, Defendants Johnson and Pallay (misidentified as John Palley in the Design Patent) are the inventors and owners of Design Patent No. D812,546

///

for a "Rack for Transporting Kayak on Vehicle" (the "Design Patent").  The Design Patent issued on March 13, 2018.  The Design Patent is attached hereto as Exhibit A.

**The Controversy between the Parties**

27. On or about May 2, 2018, attorney Anthony LoCicero sent a demand letter to E-Go Bike alleging infringement of the Johnson/Pallay Design Patent.  In the letter, Mr. LoCicero purports to represent "Rack 'Em Manufacturing, Inc." which, upon information and belief, is a non-existent entity.  A true and correct copy of the letter is attached hereto as Exhibit B.  In the May 2, 2018 demand letter, Mr. LoCicero made several demands.  Notably, Mr. LoCicero demanded that E-Go Bike stop selling "a folding kayak transporting rack" that Mr. LoCicero alleged infringed the Design Patent.  Mr. LoCicero threatened to "seek authorization from Rack'Em to commence an action in federal court against" E-Go Bike unless E-Go Bike complied with his demands.

28. On or about June 14, 2018, Mr. LoCicero again wrote to E-Go Bike alleging infringement of the Design Patent.  Again, Mr. LoCicero purports to represent "Rack 'Em Manufacturing, Inc." which, upon information and belief, is a non-existent entity.  A true and correct copy of the letter is attached hereto as Exhibit C.  In the June 14, 2018 demand letter, Mr. LoCicero accused E-Go Bike of willfully infringing the Design Patent for continuing to sell an "infringing E-Go Folding Kayak Rack" on eBay since the May 2, 2018 demand letter.  Mr. LoCicero again threatened to sue E-Go Bike in federal court.

29. Accordingly, Defendants have and continue to threaten to sue E-Go Bike for design patent infringement.  Based on the foregoing, a justiciable controversy exists between E-Go Bike and Rack'Em as to whether E-Go Bike has infringed the Design Patent.  Absent a declaration of non-infringement of the Design Patent, Rack'Em will continue to wrongfully allege that E-Go Bike infringes the Design Patent, and thereby cause E-Go Bike irreparable injury.

30. E-Go Bike was also erroneously sued for purported trademark infringement of the PACK'EM Mark in the Middle District of Pennsylvania by a non-existent entity, Rack 'Em Manufacturing, LLC and not by the rightful owner of the mark.  The Complaint also asserts rights

///

in the RACK'EM Marks but does not specifically allege infringement of those Marks. A true and correct copy of the Complaint is attached as Exhibit D.

31. In the Pennsylvania action and the demand letters, E-Go Bike is alleged to own: the GOGREENBIKE seller store on eBay.com; LUCKSPORTSMAL seller store on eBay.com; FLASHEMOTOR seller store on eBay.com; the 7BLACKSMITHS seller store on Amazon.com; the ONESTOPS8 seller store on Amazon.com; and the NIXFACE seller store on Amazon.com. It does not.

32. In the Pennsylvania Action, E-Go Bike is alleged to have used the advertising copy and photos which refer to or show the registered mark PACK'EM. It has not.

33. E-Go Bike has moved to dismiss the Pennsylvania Action for lack of standing as the named Plaintiff does not own the rights asserted in the Complaint.

34. Defendants have and continue to threaten to sue E-Go Bike for trademark infringement. Absent a declaration of non-infringement of the Rack'Em Marks, Rack'Em will continue to wrongfully allege that E-Go Bike infringes the Rack'Em Marks, and thereby cause E-Go Bike irreparable injury.

**COUNT I**
**NON-VIOLATION OF 15 U.S.C. §§ 1114(1)**

35. E-Go Bike repeats and realleges each and every allegation set forth in Paragraphs 1 through 35 hereof.

36. As its first ground for relief, E-Go Bike seeks a declaration of non-violation of Section 32(1) of the Lanham Act, 15 U.S.C. §§ 1114(1) as to trademark infringement.

37. E-Go Bike has not used the RACK'EM or PACK'EM trademarks to advertise or sell its products.

38. The '387 Registration is also *void ab initio* as not filed in the name of the rightful owner nullifying any claims premised upon that mark.

39. Accordingly, E-Go Bike has not taken any actions which constitute trademark infringement and did not violate any provision of 15 U.S.C. § 1114.

///

## COUNT II
## NON-VIOLATION OF 15 U.S.C. §§ 1125(a)

40. E-Go Bike repeats and realleges each and every allegation set forth in Paragraphs 1 through 39 hereof.

41. As its second ground for relief, E-Go Bike seeks a declaration of non-violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) as to unfair competition and false designation of origin.

42. E-Go Bike has not used any of the photographs or product inserts for the RACK'EM or PACK'EM products to advertise or sell its products.

43. The '387 Registration is also *void ab initio* as not filed in the name of the rightful owner nullifying any claims premised upon that mark.

44. Accordingly, E-Go Bike's has not committed any acts which constitute unfair competition or false designation of origin or and did not violate any provision of 15 U.S.C. § 1125.

## COUNT III
## CANCELLATION OF REG. NO. 5,327,387 – 15 U.S.C. §§ 1051(a), 1119

45. E-Go Bike repeats and realleges each and every allegation set forth in Paragraphs 1 through 44 hereof.

46. As its third ground for relief, E-Go Bike seeks a cancelation of the mark PACK'EM as shown in Registration No. 5,327,387 pursuant to 15 U.S.C. §1119.

47. "Rack 'Em Manufacturing, Inc., a Pennsylvania Corporation," is listed as the owner of the mark PACK'EM as shown in Registration No. 5,327,387.

48. After a good faith search, E-Go Bike has not found any Pennsylvania entity known as Rack 'Em Manufacturing, Inc. On information and belief, the Registration was not filed in the name of the rightful owner as required by 15 U.S.C. § 1051(a). As such Registration No. 5,327,387 is *void ab initio* and should be cancelled pursuant to 15 U.S.C. §1119.

///

///

## COUNT IV
## NON-INFRINGEMENT OF DESIGN PATENT NO. D812,546

49. E-Go Bike repeats and realleges each and every allegation set forth in Paragraphs 1 through 48 hereof.

50. As a result of the acts described in the preceding paragraphs, a controversy of sufficient immediacy and reality exists that warrants the issuance of a declaratory judgment of non-infringement of U.S. Design Patent D812,546.

51. An ordinary observer, familiar with the prior art, would not be deceived into thinking that the E-Go Kayak Racks' designs were the same as the design patented in U.S. Design Patent D812,546.

52. Accordingly, E-Go Bike is entitled to a declaratory judgment that E-Go Bike does not infringe and has not infringed, either directly or indirectly, the claim of the U.S. Design Patent D812,546 under 35 U.S.C. § 271.

## PRAYER FOR RELIEF

WHEREFORE, E-Go Bike prays:

(A) That the Court declare that E-Go Bike has not committed trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1);

(B) That the Court declare that E-Go Bike has not committed any acts constituting unfair competition or false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(C) That the Court declare Registration No. 5,327,387 for PACK'EM *void ab initio* as not filed in the name of the rightful owner and order that the Commissioner of the United States Patent and Trademark Office cancel Registration Number 5,327,387 pursuant to 15 U.S.C. §§ 1051(a) and 1119;

(D) That the Court declare that E-Go Bike has not committed design patent infringement in violation of 35 U.S.C. §271, with respect to Design Patent D812,546;

///

(E) That, because of the exceptional nature of this case, this Court award E-Go Bike its reasonable attorneys' fees, costs, and disbursements incurred as a result of this action pursuant to 15 U.S.C. § 1117 and 35 U.S.C. §285; and,

(F) That E-Go Bike have such other and further relief as the Court deems just and proper.

******************************************************************

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, E-Go Bike hereby demands and requests a trial by jury.

Respectfully submitted,

E-Go Bike LLC

Dated: September 12, 2018         By: /s/ Alice A. Kelly

        Alice A. Kelly (#212390)
        Ice Miller LLP
        200 West Madison Street, Suite 3500
        Chicago, IL 60606
        312.726.5167

        Attorneys for E-Go Bike LLC